UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JORGE LUIS BERAZAS-BARRON, <br><br> Defendant. | No. 1:12-cr-00443-LJO-SKO-1 <br><br> ORDER DENYING MOTION FOR REDUCTION OF SENTENCE <br><br> (Doc. No. 41) |

On March 11, 2019, defendant Jorge Luis Berazas-Barron filed a *pro se* motion seeking a reduction of his sentence pursuant to the First Step Act of 2018, P.L. 115-391, 132 Stat. 5194. (Doc. No. 41.) The matter was referred to the Office of the Federal Public Defender to provide that office an opportunity to review the file. (Doc. No. 42.) On May 3, 2019, the Federal Defender's Office formally withdrew as counsel. (Doc. No. 44.) On July 15, 2019, the United States filed an opposition to the pending motion. (Doc. No. 45.) The court specifically notified defendant of his right to file a *pro se* reply (Doc. No. 47), but no reply has been received.

Defendant entered a plea of guilty in this case to one count of possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). (Doc. Nos. 30, 31.) Accepting the calculations contained within the presentence report (PSR), the court found that the applicable base offense level was 38 (for the amount of methamphetamine involved the case), and a criminal history category of I (based on 0 criminal history points). (*See* PSR at ¶¶ 11, 13–14, 27.)

Pursuant to United States Sentencing Guideline (U.S.S.G.) §§ 3E1.1(a) and (b), defendant's acceptance of responsibility warranted a three-level reduction. (PSR at ¶¶ 21, 22.) Pursuant to U.S.S.G. § 2D1.1(b)(16), defendant's special offense characteristics warranted a two-level reduction, for an adjusted total offense level of 33. (PSR at ¶ 15.) Thus, the adjusted offense level was found to be 33 and the advisory Guideline range, given defendant's criminal history category of I, called for a sentence of 135 to 168 months imprisonment. U.S.S.G. Ch. 5, Pt. A. On March 7, 2014, the court varied downward from that advisory guideline range based on 18 U.S.C. § 3553(a) factors and imposed a sentence of 120 months imprisonment, with no term of supervised release due to the defendant's likely deportation or removal and a mandatory $100 penalty assessment. (*See* Doc. Nos. 30, 31.)

In his pending motion, defendant suggests that he is entitled to a sentence reduction under the First Step Act of 2018. That Act implements various reforms to the criminal justice system. However, not all provisions of the First Step Act enable the court to modify a sentence that has already been imposed. Rather, it provides that a court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); *see also* U.S.S.G. § 1B1.10(a)("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) [ ], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).").

Section 404 of the First Step Act of 2018 is the only provision that applies retroactively to defendants who have already been sentenced. Section 404 permits the district courts to reduce a sentence retroactively for certain "covered offense[s] . . . the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 ([Pub L.] 111-220; 124 Stat. 2372)." *See* 132 Stat. 5194 § 404(a). Section 2 of the Fair Sentencing Act of 2010 modified the statutory sentencing range only for crack cocaine offenses, while § 3 eliminated the 5-year mandatory minimum for simple possession of crack cocaine. *See* 124 Stat. 2372, §§ 2, 3.

Here, defendant was not sentenced to an offense involving crack cocaine. Rather, his offense of conviction involved distribution of methamphetamine. Defendant is therefore not eligible for a reduction of his term of imprisonment under the First Step Act. *See United States v. Jackson*, No. 2:03-

cr-0110-JAM-KJN, 2019 WL 3936303, *2 (E.D. Cal. Aug. 20, 2019) (declining to reduce a previously imposed life sentence on defendant's methamphetamine and cocaine conviction under the First Step Act and 18 U.S.C. § 3582(c)(2), *finding and recommendation adopted by* 2019 WL 5102473, *1 (E.D. Cal. Oct. 10, 2019); *United States v. Huy Trinh*, No. 10-cr-00385-SI-1, 2019 WL 2061104, *1 (N.D. Cal. May 9, 2019) (denying motion for a sentence reduction under First Step Act where the defendant was convicted of a marijuana offense, not crack cocaine offense).

Defendant also embeds within his motion a request to be transferred to a prison located closer to his home. (Doc. No. 41 at 2.) The court notes that at the time of his sentencing the court recommended, as defendant requested at the time, that he be designated by the U.S. Bureau of Prisons to serve his sentence at the institution located in Lompoc, California to the extent that recommendation was consistent with his security classification and space availability . (Doc. No. 31.) The court is without authority to do anything more than make such recommendations to the Bureau of Prisons.

Accordingly, defendant's motion for a reduction in sentence (Doc. No. 41) is DENIED.

IT IS SO ORDERED.

Dated: **April 9, 2020**

_____
UNITED STATES DISTRICT JUDGE